IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRAD O. TATE, CARLA WILLIAMS,
and MICHAEL TRUJILLO,

      Plaintiff,

v.                                 No. CIV-13-0450 MV/LAM

CITY OF ALBUQUERQUE,

      Defendant.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO RECONSIDER [*Doc. 159*]

**THIS MATTER** is before the Court on *Defendant's Motion to Reconsider Order to Address ROIA Protected Information* [*Doc. 159*], filed July 11, 2014. On July 25, 2014, Plaintiffs filed a response to the motion [*Doc. 163*], and, on August 8, 2014, Defendant filed a reply [*Doc. 173*]. This case was reassigned to the undersigned as the pretrial judge on September 10, 2014. [*Doc. 185*]. Having considered the motion, response, reply, record of this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part**.

### BACKGROUND

Plaintiffs are employees of the Albuquerque Fire Department (hereinafter "AFD") and they allege violations of the New Mexico Human Rights Act on the basis of race, gender, disability, and religion; breach of contract; wrongful termination; retaliation; defamation; breach of the covenant of good faith and fair dealing; violation of the Whistleblower Protection Act; and

invasion of privacy.  [*Doc. 1-2* at 10-23].  At issue before the Court is Plaintiffs' Request for Production (hereinafter "RFP") 25, which asks Defendant to: "Produce all Quality Assurance logs since 2010 for Station 5."  [*Doc. 118-1* at 10].  Defendant responded to the RFP with three objections: (1) that the request seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible information because none of the Plaintiffs worked at Station 5; (2) that the request is overly broad and unduly burdensome because of its temporal scope; and (3) that the request seeks confidential or privileged information regarding individuals who are not parties to this lawsuit.  *Id.*

On May 5, 2014, Plaintiff filed a motion to compel Defendant to respond to RFP No. 25, contending that the Quality Assurance logs are relevant because Plaintiff Tate worked at Station 5, and are relevant to the allegations in this case relating to Plaintiff Tate's training because the logs would show how many times Quality Assurance visited, reviewed, or interceded at Station 5. [*Doc. 118* at 8].  Plaintiff further contended that AFD should easily be able to locate the Quality Assurance logs for Station 5 because AFD has dedicated Quality Assurance captains who answer to the Emergency Medical Services Division Commander and the Records Management Services Division Commander.  *Id.*  In response to the motion to compel, Defendant stated that it "has no records of Plaintiff Tate ever working at, or being assigned to, Station 5," and that the information contained in the quality assurance logs for Station 5 discusses patients and their confidential medical conditions and that "[a]ny information pertaining to their medical conditions cannot be produced."  [*Doc. 124* at 9].  In Plaintiffs' reply, Plaintiffs provided deposition testimony that Plaintiff Tate worked at Station 5, but stated that Plaintiffs "mistakenly asked for only Quality Assurance logs from Station 5, rather than Station 14," and that "Station 14 was the principle station at which Plaintiff Tate worked during the time he was a paramedic."  [*Doc. 139* at 12].

Plaintiffs stated that they are not seeking any medical information, but rather "seek the logs of when the Quality Assurance captain for Station 14 or Station 5 visited Station 14 or Station 5, was dispatched to a call from a Station 14/5 employee, or provided continuing training for Station 14/5." *Id.* at 12-13.  Plaintiffs stated that they "simply seek to know when the Quality Assurance captain was involved and what the substance of his/her involvement was, i.e. training on intubation, training on refusals, training on identifying diabetic shock." *Id.* at 13.

On June 4, 2014, Judge Scott granted Plaintiff's motion to compel in part, and ordered Defendant to "produce copies of all Quality Assurance Logs since 2005 for Station 5 only." [*Doc. 143* at 2].  In Defendant's motion to reconsider this order, Defendant states that "[i]n the course of gathering and reviewing the documents responsive to RFP No. 25 pursuant to the Court's order, the City learned that AFD's Quality Assurance Logs are statutorily protected from disclosure by the Review Organization Immunity Act ([hereinafter] "ROIA"), NMSA 1978 [§] 41-9-1, et seq." [*Doc. 159* at 2].  Defendant contends that the requested logs "are protected from disclosure and production by ROIA because they contain confidential information and data acquired in the exercise of duties and functions performed by AFD's review organization." *Id.* at 3.  Furthermore, Defendant contends that "[t]hese logs are created and reviewed by AFD's review organization for the purpose of improving AFD patient care and emergency response." *Id.* Defendant attached to its motion to reconsider an affidavit from Andrew J. Harrell, M.D., the Medical Director for AFD, which explains that AFD has a "quality assurance reporting system that is used to report patient, AFD, and Albuquerque Ambulance Service ('AAS') concerns or complaints regarding or involving AFD EMS personnel." [*Doc. 159-1* at 2].  Dr. Harrell states that quality assurance logs are generated to document information provided relating to the quality of health care services rendered by AFD, that the logs are generated exclusively for peer review

3

and quality assurance, and that the logs contain patient information that is confidential under ROIA.  *Id.*

In response to Defendant's motion to reconsider, Plaintiffs contend that Defendant has not provided a privilege log that would allow Plaintiffs to know what materials Defendant is withholding.  [*Doc. 163* at 1].  Plaintiffs again state that they are not seeking any medical information, and that they simply seek "documents which tracked the Quality Assurance captain's activities directed towards Stations 5 and 14."  *Id.* at 3.  Plaintiffs state that, if the Quality Assurance logs do not contain the information that Plaintiffs seek, then Defendant should produce the documents that contain the information that Plaintiffs seek.  *Id.* at 3.  Plaintiffs also contend that ROIA does not apply to the information sought because Plaintiffs do not seek the deliberations, discussions and opinions of a review organization but, rather, seek only the underlying data, specifically: when the Quality Assurance department communicated with Stations 5 and 14, what that communication was about, how often communications occurred, and whether the Quality Assurance department ever came to speak at these stations.  *Id.* at 6.  Plaintiffs further contend that Defendant has not met its burden of showing that ROIA applies because Defendant has not proven that the information sought was generated exclusively for peer review or as a result of peer review.  *Id.* at 6-7.

In its reply to its motion to reconsider, Defendant explains that the Quality Assurance logs are protected by ROIA because they contain patient information, confidential information pertaining to concerns regarding AFD members or employees, and suggestions for improving AFD emergency medical services, which is generated exclusively for AFD's review organization.  [*Doc. 173* at 2].  Defendant explains that the Quality Assurance logs are not summaries or compilations of raw data, and are generated using information acquired by the review organization

4

for the sole purpose of exercising its peer review duty." *Id.* at 2, n.2.  Defendant contends that no privilege log is required for the Quality Assurance logs because they are not privileged, but they are statutorily immune from disclosure.  *Id.* at 3, n.4.

### **ANALYSIS**

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of the Paraclete v. John Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citation omitted).  In a motion to reconsider, "[i]t is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.* (citation omitted).  Although Defendant's contention that the ROIA precludes production of the Quality Assurance logs could have and should have been raised earlier so that Judge Scott would have been aware of it when he ruled on Plaintiff's motion to compel, the Court will now consider the contention because compliance with Judge Scott's order may run afoul of the ROIA and be unenforceable.  However, the Court finds that it is unnecessary to determine whether the Quality Assurance logs are protected from disclosure by the ROIA because Plaintiffs state that they do not seek the actual Quality Assurance logs, or the confidential information contained in the logs, but, instead, only seek "how many times Quality Assurance visited Station 5, reviewed Station 5, or interceded at Station 5."  [*Doc. 118* at 8] (Plaintiffs' motion to compel); *see also* [*Doc. 118-2* at 3] (letter from Plaintiffs' counsel to Defendant's counsel regarding discovery dispute, stating that RFP No. 25 is relevant as to how many times Quality Assurance visited, reviewed, or interceded at Station 5), [*Doc. 139* at 12-13] (Plaintiffs' reply to their motion to compel, stating that they "seek the logs of when the Quality Assurance captain for Station 14 or Station 5 visited Station 14 or Station 5, was dispatched to a call from a Station 14/5 employee, or provided continuing training

for Station 14/5," and that Plaintiffs only seek to know when the Quality Assurance captain was involved and the substance of his/her involvement), and [*Doc. 163* at 3] (Plaintiffs' response to Defendant's motion to reconsider, stating that they are not seeking any medical information, and that they simply seek "documents which tracked the Quality Assurance captains activities directed towards Stations 5 and 14").  Therefore, because Plaintiffs do not actually seek the Quality Assurance logs, the Court finds that Defendant's motion to reconsider should be granted as to Judge Scott's order to produce the Quality Assurance logs under RFP No. 25.

Nevertheless, while the Court finds that Defendant should not be compelled to produce the Quality Assurance logs, the Court further finds that Plaintiffs have provided Defendant with adequate explanation of what they meant by "Quality Assurance logs," both in the letter they sent to Defendant discussing Defendant's objections to RFP No. 25 (*Doc. 118-2* at 3), and in their motion to compel (*Doc. 118* at 8).  For this reason, and because Judge Scott was not made aware of the issue regarding the ROIA's application to the Quality Assurance logs, the Court finds that RFP No. 25 should be converted to an interrogatory whereby Defendant must provide a response, under oath, stating how many times Quality Assurance visited, reviewed, interceded, or provided training at Station 5, and a brief description of the substance of the visit or training (not to include any confidential medical information).  Although Plaintiffs have clarified in their motion to compel and response to Defendant's motion to reconsider that they meant to include Station 14 as well as Station 5 within their RFP No. 25, the Court will not re-write Plaintiff's RFP to include Station 14.  The Court will require Defendant's response to be made under oath and to include information from 2010 and only from Station 5, as requested in Plaintiff's RFP No. 25.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, *Defendant's Motion to Reconsider Order to Address ROIA Protected Information* [*Doc. 159*] is **GRANTED in part** and **DENIED in part**.

**IT IS FURTHER ORDERED** that, **no later than thirty (30) days from the entry of this Order**, Defendant shall provide to Plaintiffs a statement, made under oath, setting forth how many times Quality Assurance visited, reviewed, interceded, or provided training at Station 5, and shall include a brief description of the substance of each visit or training (not to include any confidential medical information).

**IT IS SO ORDERED.**

*Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**