IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

BRAD O. TATE, *et al.*

        Plaintiffs,

vs.

CITY OF ALBUQUERQUE

        Defendant.

No. 13-CV-0450-MV-LAM

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant's three separate motions for summary judgment against each of the three Plaintiffs [Docs. 166, 167, 168]. The Court, having considered the motions, briefs, relevant law, and being otherwise fully informed, finds that the Defendant's motions are well-taken in part and therefore will be **GRANTED IN PART**.

BACKGROUND

This case bears a convoluted history that involves the distinct employment histories of three separate individuals. In the interest of brevity and given the Court's disposition in this case, it will cabin its factual recitation to those details pertinent to the contract dispute. Each of the Plaintiffs was, at all relevant times, an employee of the Albuquerque Fire Department (AFD). Doc. 166 at 2; Doc. 167 at 2. Similarly, each Plaintiff was a member of Local 244 of the International Association of Fire Fighters and, consequently, was covered by the Collective-Bargaining Agreement ("CBA") between the union and the AFD. *See* Doc. 1-2 ¶ 12. Each Plaintiff eventually grew discontent with some aspect of his or her relationship with AFD and joined the instant suit in New Mexico state court. *See generally id.* AFD timely removed the

1

case to this Court, relying on the complete preemptive effect of the Labor Management Relations Act ("LMRA") in cases based on collective-bargaining agreements. *See* Doc. 1 ¶¶ 9-10. Defendant now moves for summary judgment on each claim levied by each Plaintiff.

After Defendant filed this motion, however, it entered into a negotiated settlement agreement with Plaintiff Williams. Consequently, the Court will treat the summary judgment motion directed at Williams as moot; similarly, Williams's Motion to Supplement her Response [Doc. 211] will be dismissed because the underlying motion is no longer properly before this Court.

## DISCUSSION

### I. Contract Claims Under § 301 of the Labor Management Relations Act

Because removal to federal court was predicated, in this case, on the complete preemption of several of Plaintiffs' claims, the Court will focus its attention on these counts first, in order to ensure that the continued exercise of the Court's limited jurisdiction over this action is warranted. *See id.*

a. *Express Contract Claims*

Each Plaintiff's cause of action for breach of an express contract relies exclusively on alleged violations of the CBA. *See* Doc. 179 at 23; Doc. 180 at 46-48. Therefore, every breach of express contract claim in this action is preempted by § 301 of the LMRA. *See, e.g.*, *Perez v. Qwest Corp.*, 883 F. Supp. 2d 1095, 1112 (D.N.M. 2012) (explaining that "interpretation" of a collective-bargaining agreement is preempted under § 301); *Garley v. Sandia Corp.*, 236 F.3d 1200, 1210 (10th Cir. 2001) ("To the extent that the claim is based on an alleged breach of the CBA, the claim is clearly preempted."); *Greenslade v. Chicago Sun-Times*, 112 F.3d 853, 868 (7th Cir. 1997) ("when the resolution of a state law claim substantially depends upon analysis of

the terms of an agreement made between the parties in a labor contract, the claim must be dismissed as preempted by federal labor contract law.") (internal quotation marks omitted). For this reason alone, summary judgment will be granted to the Defendant as to each of the breach of express contract claims.

Moreover, even if this Court were inclined to construe these causes of action as § 301 "hybrid" suits, doing so in this case would likely prove fruitless. It appears from the pleadings that each Plaintiff either failed to exhaust the grievance procedures established by the CBA or failed to bring suit within the applicable six-month statute of limitations. *See, e.g.*, Doc. 179 at 19-21. Thus, because Plaintiffs have not argued for such a construction of their claims and because doing so would likely be an exercise in futility, the Court will decline to do so.

    b. *Implied Contract Claims*

Plaintiffs' claims for breach of an implied contract similarly must fail for two related reasons. First, the implied contract claims propounded by Plaintiffs are preempted by § 301. That is, in this case, implication of a contract cannot rely solely on reference to the Merit System Ordinances, the Progressive Discipline Guidelines, Personnel Rules and Regulations, or any other alleged obligation, but rather also requires construing these materials in conjunction with the governing CBA. *See Hartnett v. Papa John's Pizza USA, Inc.*, 912 F. Supp. 2d 1066, 1093 (D.N.M. 2012) ("When a court is called upon to determine if an implied contract for employment has been created, the court should consider the totality of the parties' relationship, circumstances, and objectives, to assess whether an employee's belief that an implied contract existed was objectively reasonable under the circumstances."); *Whittington v. State Dep't of Pub. Safety*, 100 P.3d 209, 213 (N.M. Ct. App. 2004) ("Normally, the question of whether a manual modifies the employment relationship is a question of fact to be discerned from the totality of the parties'

3

statements and actions regarding the employment relationship.") (internal quotation marks omitted). Consequently, because any evaluation of the totality of the employment relationship in this case will necessarily involve substantial construction of the CBA, Plaintiffs' claims for breach an implied contracts are preempted by § 301. *See Carroll v. City of Albuquerque*, 749 F. Supp. 2d 1216, 1225 (D.N.M. 2010) (state law claims are independent only if they can be resolved without interpreting the CBA); *Sandia Corp.*, 236 F.3d at 1211 (holding an implied breach of contract claim preempted by § 301, despite plaintiff's argument that the claim is "based exclusively on implied contracts created by Sandia's Personnel Policy, Code of Ethics, and Director's Memo" because "the documents he cites were intended to be read in harmony with the CBA" and therefore were inextricably intertwined with it).

Second, the sole case on which each of the three Plaintiffs relies for the broad proposition that a contract may be implied in these circumstances, *West v. Washington Tru Solutions, LLC*, is entirely inapposite; that case addresses the creation of an implied employment contract against the background of an otherwise at-will relationship. *See* Doc. 179 at 19; Doc. 180 at 46; *West v. Washington Tru Solutions, LLC*, 224 P.3d 651, 653 (N.M. Ct. App. 2009) (discussing implied contracts as an "exception" to the ordinary at-will rule). The Court is not at all convinced that a contract may be implied in an area where an express contract governs. *Cf. Ribeau v. Katt*, 681 F.3d 1190, 1195 (10th Cir. 2012) ("Where an express employment contract exists, however, Kansas courts have declined to consider implied terms outside the written contract.").

c. *Covenant of Good Faith and Fair Dealing*

Plaintiffs' causes of action for breach of the covenant of good faith and fair dealing cannot survive summary judgment for at least two independent reasons. First, as discussed above, any claim would be preempted by § 301, as it would necessarily require construction of

4

the CBA. Second, the Plaintiffs abandoned these claims in their responses, effectively conceding Defendant's argument. *See generally* Docs. 179-180. *See also Hinsdale v. City of Liberal, Kan.*, 19 F. App'x. 749, 768-69 (10th Cir. 2001) (affirming summary judgment on a claim abandoned in summary judgment briefing); *Coffey v. Healthtrust, Inc.*, 955 F.2d 1388, 1393 (10th Cir. 1992) (same). Therefore, summary judgment will be granted in Defendant's favor with respect to these claims.

      d. *Wrongful Discharge*

Finally, summary judgment must also be granted in Defendant's favor on the "wrongful discharge" claims maintained by Tate. As with claims above, the wrongful discharge claims have both been abandoned by Tate in his briefing and, insofar as the Court can divine from the Complaint, these claims are preempted by § 301 to the extent that they stem from "implied agreement[s]" with the AFD. *See generally* Docs. 179-180. Thus, none of Plaintiffs' claims arising from the contractual relationship, implied or express, between them and the AFD can survive summary judgment.

## II. Remaining State Law Claims

The remaining claims in this case all arise solely under state law; the Court is thus permitted to remand to state court those claims over which it initially exercised supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3). Here, the Court will accede to the Tenth Circuit's request that district courts "should decline the exercise of jurisdiction by dismissing the case without prejudice" where all federal law claims are dismissed before trial. *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010). That is, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state

claims." *Koch v. City of Del City*, 660 F.3d 1228, 1248 (10th Cir. 2011) (internal quotation marks omitted).  The Court perceives no circumstances in this case that counsel it to reject the ordinary rule in this circuit and exercise jurisdiction over an action now predicated entirely on state law.

## CONCLUSION

The Court will enter summary judgment for Defendant as to Plaintiffs' claims for breach of an express contract, breach of an implied contract, breach of the covenant of good faith and fair dealing, and wrongful termination.  Further, because the court has determined that summary judgment must be granted for the Defendants with respect to each claim arising under federal law, the remaining claims will be remanded to state court.

**IT IS THEREFORE ORDERED** that Defendant's motions for summary judgment [Docs. 166-167] are **GRANTED IN PART** and that the remaining claims are **REMANDED** to New Mexico state court.  Defendant's summary judgment motion directed against Plaintiff Williams [Doc. 168] and Williams's Motion to Supplement [Doc. 211] are **DENIED** as moot.

Dated this 24th day of March, 2015.

_____
**MARTHA VÁZQUEZ**
UNITED STATES DISTRICT JUDGE